IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-338-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) v. ) ) DEVON LAMAR MARION, ) ) Defendant. ) ) | **ORDER** |

On June 5, 2012, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 52] recommending that the court deny Devon Lamar Marion's ("Marion" or "defendant") motion to suppress evidence and request for a Franks hearing [D.E. 33]. On June 19, 2012, Marion objected to the M&R [D.E. 53]. On June 22, 2012, the government responded to Marion's objections [D.E. 54].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and Marion's objections. As for those portions of the M&R to which Marion made no objection, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which Marion objected. As explained below, the court overrules Marion's objections and adopts the conclusions set forth in the M&R.

I.

Marion objects to Judge Jones's conclusion that a Franks hearing is unwarranted. See Def.'s Objections [D.E. 53] 1–2; Def.'s Mem. Supp. Mot. [D.E. 34] 4–7. To obtain a Franks hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause . . . ." Franks v. Delaware, 438 U.S. 154, 155–56 (1978); see United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). The Franks test also applies to a defendant's allegations of omissions of material facts from a warrant affidavit. See United States v. Tate, 524 F.3d 449, 454–55 (4th Cir. 2008); Colkley, 899 F.2d at 300–01. The burden to obtain a Franks hearing is a "heavy one." Tate, 524 F.3d at 454. "This showing must be more than conclusory and must be accompanied by a detailed offer of proof" that the affiant "intended to mislead the magistrate." Colkley, 899 F.2d at 300 (quotation omitted); see Franks, 438 U.S. at 171. "In addition, the false information [or material omission] must be essential to the probable cause determination . . . ." Colkley, 899 F.2d at 300; see Franks, 438 U.S. at 171–72.

First, Marion objects to Judge Jones's conclusion that a statement in a search warrant affidavit that Marion had "narcotics *violations* including Possession of Marijuana and Possession with Intent to Manufacture, Sell, Deliver Marijuana" was not intentionally misleading or material. M&R [D.E. 52] 8–11 (emphasis in original); see Def.'s Objections 1. Marion argues that this statement was intentionally misleading because, although Marion was charged with possession with intent to manufacture, sell, and deliver marijuana, he pleaded guilty to the lesser charges of possession of marijuana and possession of drug paraphernalia. See Def.'s Mem. Supp. Mot., Ex. 2.

However, the term "violations" is ambiguous in this context, and because Marion had been arrested and convicted of drug offenses at the time of the warrant's issuance, the description was not misleading. Furthermore, Marion provides no evidence that the affiant intended for this statement to mislead the magistrate. See Colkley, 899 F.2d at 301. Finally, the affiant's characterization of Marion's criminal history was immaterial. Even if the court disregards the characterization, the affidavit still supports a finding of probable cause. See M&R 3–5; see also Ornelas v. United States, 517 U.S. 690, 696–97 (1996); Illinois v. Gates, 462 U.S. 213, 238–39 (1983); United States v. Montieth, 662 F.3d 660, 664–65 (4th Cir. 2011).

Second, Marion objects to Judge Jones's finding that the affiant did not intentionally mislead the magistrate by omitting that Marion's drug convictions occurred fifteen years ago and were for misdemeanor offenses. M&R 8–11; see Def.'s Objections 1. Marion, however, provided no evidence that the affiant omitted these details to mislead the magistrate. See Colkley, 899 F.2d at 301. Moreover, even if the affiant had included these details in the affidavit, the affidavit still supports a finding of probable cause. See M&R 8–11; see also Ornelas, 517 U.S. at 696–97; Gates, 462 U.S. at 238–39; Montieth, 662 F.3d at 664–65.

Third, Marion objects to Judge Jones's finding that Marion failed to present sufficient proof that the co-affiant lied about his investigation of a phone number. M&R 11–12; see Def.'s Objections 1. Marion provided telephone records to prove that the co-affiant made a false statement. See Def.'s Mem. Supp. Mot., Ex. 3. However, to make a "substantial preliminary showing" for a Franks hearing, Marion must provide "[a]ffidavits or otherwise reliable statements of a witnesses . . . ." Franks, 438 U.S. at 171; see Tate, 524 F.3d at 454. Marion's single, unauthenticated document does not meet this burden. Moreover, the document that Marion offers does not support his allegation. See M&R 11–12.

3

Fourth, Marion objects to Judge Jones's finding that Marion failed to present sufficient proof that the co-affiant lied about conducting a vehicle registration search. M&R 12–13; see Def.'s Objections 2. Again, Marion attempts to make the requisite showing with a single, unauthenticated document. See Def.'s Mem. Supp. Mot., Ex. 4. This document, however, does not establish Marion's entitlement to a Franks hearing. See Franks, 438 U.S. at 171; Tate, 524 F.3d at 454. Furthermore, even assuming that the document is authentic, the document does not support Marion's allegation. See M&R 12–13.

Fifth, Marion objects to Judge Jones's conclusion that the co-affiant's statement that he complied with a non-existent "standard operating procedure" for trash collection was immaterial. M&R 13–15; see Def.'s Objections 2. Marion argues that the co-affiant's making a false statement about a search suggests that the co-affiant performed the search in an unconstitutional manner. See Def.'s Mem. Supp. Mot. 6–7. However, Marion does not offer direct evidence suggesting that the search was unconstitutional. See Tate, 524 F.3d at 455–56. Moreover, in light of the entirety of the affidavit, the co-affiant's misrepresentation about the existence of a standard operating procedure for trash collection does not upset the magistrate's finding of probable cause. See M&R 14–15.

In sum, Judge Jones correctly concluded that Marion failed to make a showing that would entitle him to a Franks hearing.

II.

Marion also argues that the affidavit did not support a finding of probable cause because the affiant and the co-affiant did not sufficiently corroborate an informant's report. See Def.'s Objections 2–10. "A magistrate presented with a search warrant application must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , there is

a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Lalor, 996 F.2d 1578, 1580 (4th Cir. 1993) (quotation and alteration omitted). "A combination of tips from an informant and first-hand corroborative observation of suspicious activity will provide probable cause . . . ." United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). When a probable cause determination is based in part on an informant's report, "[a]n important factor . . . is the degree to which [the report] is corroborated." Lalor, 996 F.2d at 1581; see United States v. Wilhelm, 80 F.3d 116, 119–20 (4th Cir. 1996); United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991). "Corroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct." Lalor, 996 F.2d at 1581; see McCraw, 920 F.2d at 228.

As Judge Jones thoroughly explained, the informant's report on which the affiant and the co-affiant relied was adequately corroborated. See M&R 15–17. Thus, the affidavit supports a finding of probable cause. Id.

III.

Accordingly, the court ADOPTS the conclusions in the M&R [D.E. 52] and DENIES Marion's motion to suppress and request for a Franks hearing [D.E. 33].

SO ORDERED. This 10 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge

5